ABNER PLUMMER *versus* OAKES RUNDLETT, and RICHARD H.
TUCKER, *Trustee.*

A., summoned as trustee of B., disclosed that he had, prior to the service on
him, sent B., (his son in law,) a check for five hundred dollars, and had after-
wards taken a note therefor; but that he intended it as a *gift* to his daugh-
ter, and had never designed to call for the payment of the note:— *Held,*
that being intended as a gift, and being so regarded by the parties at the
time, they could not afterwards change the nature of the transaction so as to
affect the rights of third parties.

A supposed trustee is not chargable for real estate in his possession, the proper-
ty of the principal debtor.

The disclosure of a trustee is to be taken as true by the Court; and the affirm-
ative statements therein contained are to receive full credit, unless other
facts or circumstances disclosed, are inconsistent therewith.

ON EXCEPTIONS from *Nisi Prius,* TENNEY, C. J., presiding.

TRUSTEE'S DISCLOSURE.—Richard H. Tucker having been
summoned as trustee of Oakes Rundlett, who married the
daughter of Mr. Tucker, made a full disclosure, and annexed
a statement of the accounts between himself and the principal
defendant. By this disclosure, the trustee claimed that a
balance of $2758,71 was due him from Rundlett at the date
of the service. He stated, among other things in his dis-
closure, that he received from Rundlett on the 5th of January,
1848, a bill of sale of articles of furniture valued at $805.
The trustee did not charge himself for this furniture in the
account stated. In the same bill of sale was also included
certain horses, carriages, harnesses, &c., valued at $380, which
Rundlett retained possession of, and afterwards disposed of
with the consent of Tucker, and applied the proceeds to his
own use. This item the trustee did not charge himself with
in the account. Another matter of dispute in the case, arose
in reference to a check for $500, which it appeared he sent to
Rundlett on the first anniversary of the marriage of his daugh-
ter with Rundlett, which he intended at the time as a gift to
his daughter. He, however, requested Rundlett to give him
his note for the amount, and at a subsequent period the note
was given. This $500 the trustee charged to Rundlett in his

account. He also disclosed, that Rundlett had conveyed to him certain real estate, consisting of a store and some lots of land, which was in the possession of the trustee at the date of the service on him in this action. He charged Rundlett with the amount of certain notes of Rundlett which he had purchased in Boston, after Rundlett had failed, but which he stated in his disclosure he did not purchase at the suggestion of Rundlett but on his own account. The presiding Judge ruled that the trustee was not chargable on his disclosure, and the plaintiff excepted.

*W. Hubbard,* for plaintiff.

*H. Ingalls,* for trustee.

RICE, J.—There are errors in the account as rendered by the trustee, and referred to as a part of his disclosure. He should charge himself with the bill of furniture amounting to $805. He is not entitled to credit for the $500 check of June 20, 1844. From all the statements in the disclosure, we think it appears, that at the time the check was forwarded to the principal defendant, it was intended as a gift by the trustee to his daughter and son-in-law, and was so understood by the parties. It was not competent for the parties afterwards to change the nature of the transaction so as to affect the rights of third parties. The trustee is not chargable, as contended by plaintiff's counsel, with the supposed value of the store and lots of land conveyed therewith. They are real estate, and not "goods, effects or credits," in the hands of the trustee. If he holds them by a conveyance which is fraudulent, the property may be reached in another manner and by a different process; nor is he chargable with the value of the horses, carriages, harnesses, &c., amounting to $380. The disclosure shows that neither these articles, nor the value thereof, were in his hands at the date of the service of the writ upon him. The disclosure is to be deemed to be true by the Court; and the affirmative statements' therein are to receive full credit, unless there are other facts or circumstances disclosed, inconsistent therewith, to overcome such direct and

affirmative statements. The trustee distinctly affirms that the notes purchased by him in Boston against the principal defendant, were purchased on his own account, and not at the suggestion of the defendant or his attorney, and that he still holds the same. There is nothing in this disclosure which contradicts this statement. Under § 70, of c. 119, R. S., he is entitled to charge those notes in his account. Making the above corrections, there is still a large balance in favor of the trustee, and he must be discharged. *Exceptions overruled.*

TENNEY, C. J., and APPLETON, MAY and CUTTING, J. J., concurred.